**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **ALPHA RASHID MSHIHIRI** | : | **DOCKET NO. 20-cv-00752** |
| **REG. # 17227-041** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN, FCI-OAKDALE** | : | **MAGISTRATE JUDGE KAY** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (docs. 1, 5) filed by pro se petitioner Alpha Rashid Mshihiri ("Mshihiri"). Mshihiri is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO").

This petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

*A.  Petitioner's Claims*

Petitioner is a forty-five-year-old male who seeks release to home confinement pursuant to the CARES ACT. Mshihiri is currently serving a 150-month term of imprisonment after a jury convicted him of conspiracy to commit bank fraud, bank fraud, mail fraud, and wire fraud in the United States District Court for the District of Minnesota. *See USA v. Mshihiri*, Docket No. 13-cr-

184 (July 16, 2013), at Doc. 292. He is scheduled to be released on October 13, 2024. *Id*. On April 10, 2020, he moved for immediate release from custody, pursuant to the CARES Act, given the COVID-19 pandemic and requested that the sentencing court allow him to serve the remainder of his sentence under home confinement. *Id* at doc. 284. The court denied the motion without prejudice because he had not established that he had exhausted his administrative remedies before seeking relief from the court. *Id*. at doc. 287. Upon showing exhaustion, that court considered, and denied, his request on the merits. *Id*. at doc. 292.

On June 15, 2020, Mshihiri filed the Petition for Writ of Habeas Corpus, seeking immediate release on home confinement. Doc. 1. On July 29, 2020, he filed an Amended Emergency Petition. Doc. 5. Mshihiri alleges that (1) denial of his request for home confinement is inconsistent with Attorney General Barr's directives; (2) the BOP treats people of privileged status more favorable than those who are underprivileged; and (3) BOP is administering the CARES Act disproportionately to citizens versus non-citizens. Doc. 5, p. 7. According to Petitioner, he has fully exhausted his claims. *Id*. at pp. 3-4. He seeks immediate release on home confinement. *Id*. at p. 16.

### B. CARES Act

In a March 26, 2020, Memorandum, Attorney General William Barr directed the BOP Director to "prioritize the use of your various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic." March 26, 2020, Memo from the Attorney General, *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic, available at* https://www.justice.gov/coronavirus/DOJ response. The March 26 directive was limited to *eligible* "at-risk inmates who are non-violent and

pose minimal likelihood of recidivism and who might be safer serving their sentences in home confinement rather than in BOP facilities." *Id.*

On March 27, 2020, the CARES Act was signed into law. Pre-CARES Act, the Bureau of Prisons (BOP) was authorized to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624©(2). Under the CARES Act:

> (2) HOME CONFINEMENT AUTHORITY.—During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(C)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act § 12003(b)(1)(B)(2).

General Barr issued another Memorandum on April 3, 2020, "finding that emergency conditions are materially affecting the functioning of the [BOP]" and "expand[ing] the cohort of inmates who can be considered for home release." April 3, 2020 Memo from the Attorney General, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19, available at* https://www.justice.gov/coronavirus/DOJresponse.  General Barr directed the BOP Director to review all inmates with COVID-19 risk factors — not only those who were previously eligible for home confinement — starting with inmates incarcerated at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated facilities where COVID-19 is materially affecting operations. *Id.* All at-risk inmates at such facilities who are deemed suitable for home confinement shall be immediately processed, transferred to an appropriate BOP facility for a 14-day quarantine, and released to home confinement. *Id.*

## II.
### LAW & ANALYSIS

Mshihiri challenges the manner in which his sentence is being executed by the BOP. Specifically petitioner wants the BOP to designate that he serve the remainder of his sentence on home confinement.

A habeas petition under 28 U.S.C. § 2241 is the proper means for challenging the manner in which a sentence is executed. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *United States v. Ovaitt*, 121 F.3d 704 (5th Cir. 1997). Under 18 U.S.C. § 3624, the BOP has the authority to place a prisoner in home confinement for the shorter of 10% of the term of imprisonment or 6 months. The CARES Act authorizes the Director of the BOP to lengthen that amount of time. *See Livas, et al. v. Myers, et al.*, 2:20-CV-00422, 2020 WL 1939583, at *6 (W.D. La. Apr. 22, 2020). Nothing in the CARES Act grants individual prisoners the right to serve the remainder of their sentence in home confinement. *See United States v. Williams*, 2:12-CR-539, 2020 WL 1940836, at *2 (S.D. Tex. Apr. 22, 2020); *United States v. Licciardello*, 2:18-CR-449, 2020 WL 1942787, at *2 (S.D. Tex. Apr. 22, 2020); *United States v. Daniels*, 4:08-CR-0464-SLB, 2020 WL 1938973, at *1 (N.D. Ala. Apr. 22, 2020). It merely gives the BOP the discretion to allow it.

Therefore, the CARES Act did not change the fact that the BOP has exclusive authority over the classification and placement of inmates. *United States v. Cantu*, 423 F. Supp. 3d 345, 348 (S.D. Tex. 2019) (Attorney General has "exclusive authority and discretion to designate the place of an inmate's confinement.") (citing *Zheng Yi Xiao v. La Tuna Fed. Corr. Inst.*, 19-CV-97, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019); *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971); 18 U.S.C. § 3621(b)). And the designation of a place of imprisonment by the BOP is not reviewable

by the courts. *Livas*, 2020 WL 1939583 at *9 (citing 18 U.S.C. § 3621(b)); *see also Olim v. Wakinekona*, 461 U.S. 238, 244 (1983) (prisoner has no constitutional right to be housed in a particular facility); *Beaird v. Brown*, 3:07-CV-2077, 2008 WL 474119, at *3 (N.D. Tex. Feb. 21, 2008) ("There simply is no constitutional right to placement on home confinement at any time during a term of imprisonment."). Mshihiri's request to be released to home confinement was denied by the BOP and subsequently denied by the sentencing court. His claims are improperly raised under 28 U.S.C. § 2241.

### III.
### CONCLUSION

For the reasons stated above, Mshihiri's petition fails to state a claim for relief.

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 18th day of September, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE